UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT N. JONES | * | CIVIL ACTION |
| VERSUS | * | NO. 26-289 |
| W&T OFFSHORE INC., ET AL. | * | SECTION "I" (2) |

**ORDER AND REASONS**

Pending before me is the motion of defendant REC Marine Logistics, LLC ("REC Marine") to compel discovery. ECF No. 28. Plaintiff Robert N. Jones filed an untimely opposition memorandum. ECF No. 29. REC Marine filed a reply memorandum. ECF No. 31. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, defendant's motion to compel discovery is GRANTED for the reasons stated below.

## I. BACKGROUND

Plaintiff Robert N. Jones filed suit against REC Marine (and others) for personal injuries sustained aboard the *M/V Gol Warrior*, asserting claims of Jones Act negligence, general maritime negligence, unseaworthiness, and maintenance and cure. ECF No. 1 at 2-5, ¶¶ 8–23. Jones seeks $10 million dollars in exemplary and actual damages for pecuniary losses, mental anguish, pain, disfigurement, and medical expenses, along with interest, costs, and all other relief to which he may be entitled. *Id.* at 8–9. The Court issued a scheduling order setting trial for December 14, 2026, with a discovery deadline of October 2, 2026. ECF No. 18, at 2, 4.

REC Marine issued discovery on June 17, 2026, and later filed this motion to compel. ECF Nos. 28-1, at 2; 28-3, at 1. It contends that Jones improperly refers to a mass of documents in

response to interrogatories, asserts boilerplate objections, fails to verify his interrogatories, and provides evasive and incomplete answers to interrogatories 1–3, and 10–17, and requests for production nos. 3, 7, 17, 22, 32, and 39. ECF No. 28-1, at 3–18. REC Marine seeks an order compelling Jones to fully respond to the written discovery requests plus attorney's fees incurred in relation to this motion. *Id.* at 18.

In opposition, Jones contends that the motion should be denied as moot because he has now "respond[ed] to all of [d]efendant's requests, or confirms that he is making a good-faith effort to retrieve the requested information, and has supplement[ed] same." ECF No. 29, at 1. He asserts that his supplemental answers removed any reference to produced documents, has withdrawn his general and preliminary objections, and will provide an executed verification within forty-eight hours. *Id.* at 2. He then proceeds to respond to each of the issues identified by REC Marine. *Id.* at 2–8. Jones contends that fees are not warranted because the nondisclosure was substantially justified as much of the delay was caused by his need to obtain records from third-party medical providers. *Id.* at 8. Further, Jones argues that he has been participating in the discovery process in good faith. *Id.*

In its reply, REC Marine argues that Jones's untimely opposition should not be considered and this additional delay further justifies an award of attorney's fees. ECF No. 31 at 1-2. REC Marine highlights what it contends are continued deficiencies in Jones's discovery responses in interrogatories nos. 2, 10, 12–13, and 16 and requests for production nos. 17 and 22. *Id.* at 2–4.

## II. <u>APPLICABLE LAW</u>

### A. <u>Scope of Discovery</u>

Rule 26 of the Federal Rules of Civil Procedure lays out the broad scope of discovery.

Information need not be admissible into evidence to be discoverable.[1] Rather, information merely needs to be proportional and relevant to any claim or defense.[2] "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."[3]

Parties must respond to interrogatories and requests for production within 30 days of service, absent court order or stipulation.[4] "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[5] And all objections must be stated with specificity.[6] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[7] Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the relevant facts.[8]

For each request for production, the respondent must state its objection with specificity or produce copies of the documents or electronically stored information.[9] A party responding to requests for production must produce responsive documents within that party's possession, custody or control.[10] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a

---

[1] FED. R. CIV. P. 26(b)(1).
[2] *Id.*
[3] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[4] FED. R. CIV. P. 33(b)(2); 34(b)(2)(A).
[5] *Id.* 33(b)(3).
[6] *Id.* (b)(4).
[7] *Dollar*, 561 F.2d at 616–17.
[8] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018).
[9] FED. R. CIV. P. 34(b)(2)(B).
[10] FED. R. CIV. P. 34(a)(1).

nonparty.[11] Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain upon request fall within that party's custody or control.[12] The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[13]

### B. <u>Rule 37 Sanctions</u>

Rule 37 requires the imposition of reasonable expenses, including attorney's fees, when: (1) a motion to compel is granted or (2) the requested disclosure or discovery is produced after the motion was filed.[14] There are only three exceptions to the imposition of expenses. First, "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."[15] Second, "the opposing party's nondisclosure, response, or objection was substantially justified."[16] Or, third, "other circumstances make an award of expenses unjust."[17]

The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.[18] The presence of good faith (or lack thereof) is relevant to the sanctions analysis.[19] While a finding of bad faith or willful

---

[11] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004).

[12] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy and collecting cases re: same)); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1–2 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control and collecting cases re: same).

[13] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (quoting *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action[.]")).

[14] FED. R. CIV. P. 37(a)(5)(A).

[15] *Id.* (i).

[16] *Id.* (ii).

[17] *Id.* (iii).

[18] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976).

[19] *Echeverry v. Padgett*, No. 17-6494, 2019 WL 4572786, at *2 (E.D. La. Sept. 20, 2019).

misconduct is required to support the severest remedies under Rule 37(b) (*i.e.*, striking pleadings or dismissing a case), lesser sanctions do not require a finding of willfulness.[20]

## III. ANALYSIS

Initially, Jones' opposition does not assert any specific objections to REC Marine's discovery requests. Instead, he argued that the motion should be denied as moot because he supplemented (or will supplement) his answers to fulfill his obligations. But the late delivery of discovery responses after the filing of the Motion the Compel does not necessarily render the instant motion moot,[21] as Rule 37(a)(5)(A) explicitly addresses the post-filing delivery of discovery responses.

Further, as of the date of its reply, REC Marine reports that Jones still has not fulfilled his discovery obligations. For interrogatories 2 and 15 and requests for production 17 and 22, Jones promised to supplement his answer, but failed to do so. And for interrogatories 10, 12–13, and 16, Jones failed to provide a full response. The untimely and piecemeal supplementations waste the parties' and the Court's time and resources. Jones's fundamental failure to comply with basic discovery obligations and requirements under the Federal Rules of Civil Procedure, including the still delinquent responses, demonstrates that he has no substantial justification for the delay nor are there other circumstances that make the award unjust. REC Marine's request for fees and costs

---

[20] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488-89 (5th Cir. 2012) (quoting *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993) (explaining in a parenthetical that "district courts 'have authority to grant a broad spectrum of sanctions' under Rule 37(b), and 'neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions'")).

[21] *Wilkerson v. Safeco Ins. Co. of Am.*, No. 25-834, 2026 WL 360911, at *3 (M.D. La. Feb. 9, 2026) (citing FED. R. CIV. P. 37(a)(5)(A) (explaining in a parenthetical that an award of expenses is mandated "where the responding party provides the requested discovery after the filing of a motion to compel")).

under Rule 37(a)(5)(A) will thus be granted.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that REC Marine's motion to compel is **GRANTED**. Plaintiff must provide supplemental written responses and produce any responsive documents within 21 days of today's date.

**IT IS FURTHER ORDERED** that REC Marine's request for reasonable expenses, including attorney's fees, is **GRANTED**. The parties are directed to confer as to a reasonable amount of fees and costs for the preparation and filing of this motion. If the parties agree, then plaintiff Robert N. Jones shall pay that amount within 30 days of today's date. If the parties do not agree, then REC Marine must, no later than October 6, 2026, file a motion for fees and costs pursuant to FED. R. CIV. P. 37(a)(5), which must attach supporting documentation for the requested amount (*e.g.*, (a) an affidavit attesting to the attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2).

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING CONTEMPT.**

New Orleans, Louisiana, this 2nd day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE