UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT N. JONES | * | CIVIL ACTION |
| VERSUS | * | NO. 26-289 |
| W&T OFFSHORE INC., ET AL. | * | SECTION "I" (2) |

**ORDER AND REASONS**

Pending before me is Defendant REC Marine Logistics, LLC's Motion for Attorneys' Fees and Costs Pursuant to FED. R. CIV. P. 37(a)(5). ECF No. 54. Plaintiff Robert N. Jones filed a timely Opposition Memorandum and REC Marine filed a timely reply memorandum. ECF Nos. 61, 65. No party requested oral argument in accordance with Local Rule 78.1, and I agree that further argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant REC Marine Logistics, LLC's Motion for Attorneys' Fees and Costs Pursuant to FED. R. CIV. P. 37(a)(5) (ECF No. 54) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff Robert N. Jones sued REC Marine Logistics, LLC ("REC Marine") among others for personal injuries sustained aboard the *M/V Gol Warrior*, asserting claims of Jones Act negligence, general maritime negligence, unseaworthiness, and maintenance and cure. ECF No. 1, at 2–5. REC Marine filed a Motion to Compel Discovery which I granted. ECF Nos. 28, 32. In the Order and Reasons, I also granted "REC Marine's request for reasonable expenses, including attorneys' fees." ECF No. 32, at 6. REC Marine has now filed this motion seeking $7,704.50 in attorneys' fees and costs for its work preparing and filing the Motion to Compel. ECF Nos. 54; 54-1, at 4.

In support, REC Marine submits invoices for work done by three attorneys: Kristian B. Dobard (hourly rate of $275), Aaron Greenbaum (hourly rate of $310), and Rowen Asprodites (hourly rate of $310); and a paralegal, Cynthia Dugas (hourly rate of $125). ECF No. 54-2, at 1–5.

In his Opposition, Jones argues that REC Marine is entitled to $2,205.50 at most because it seeks repayment of fees connected with "ordinary discovery work" unconnected to the Motion to Compel. ECF No. 61, at 1, 7. In particular, Jones contends that reviewing discovery responses and writing correspondence is not recoverable and block-billed entries should be omitted. *Id.* at 3–5. Jones does not object to REC Marine's hourly rates.

In reply, REC Marine objects to Jones's characterization of the ongoing discovery disputes. ECF No. 65. It argues that Jones still withholds requested information and he "has consistently engaged in dilatory discovery practices that have impeded REC Marine's ability to conduct timely and meaningful discovery." *Id.* at 1–3.

## II. <u>APPLICABLE LAW AND ANALYSIS</u>

### A. <u>The Lodestar Method</u>

Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards,[1] which provides "an objective basis on which to make an initial estimate of the value of a lawyer's services."[2] Under the lodestar method, "the number of hours reasonably spent on the case [is multiplied] by an appropriate hourly rate in the community for such work."[3] The reasonable hourly rate is based on the prevailing market rate for similar services by similarly

[1] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).
[2] *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *superseded by statute on other grounds,* Prison Litigation Reform Act, 42 U.S.C. § 1997e.
[3] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

trained and experienced lawyers in the relevant legal community.[4] The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees, and it must provide adequate documentation of the hours expended and demonstrate the use of billing judgement.[5] The party opposing the attorneys' fees requested bears the burden of showing that a reduction is warranted and should provide an adequate basis of why and how the fees are unreasonable in the case.[6]

Once the lodestar has been determined, the court must consider the weight and applicability of the twelve *Johnson* factors.[7] If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar.[8] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[9] The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[10]

## B. <u>Lodestar Calculation</u>

### 1. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for th[e] work."[11] The court is not bound to award the rate charged by counsel, but rather, applies the reasonable rate.

---

[4] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).
[5] *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995).
[6] *Id.* at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989) ("[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.")).
[7] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90–96 (1989); *see also Watkins*, 7 F.3d at 457. The twelve factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.
[8] *Watkins*, 7 F.3d at 457.
[9] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[10] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'")); *Kellstrom*, 50 F.3d at 328 ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").

That rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12] Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13]

REC Marine seeks to recover an hourly rate of $275 for Kristian B. Dobard, $310 for Aaron Greenbaum, and $310 for Rowen Asprodites. ECF No. 54-2, at 1–5. If the hourly rate sought is not opposed, it is *prima facie* reasonable.[14] Jones did not contest the hourly rates, and thus, the hourly rates are deemed *prima facie* reasonable. The Court, however, expressly notes that it makes no determination of whether the rates are reasonable within this legal community.

**2. Documentation of Hours Reasonably Expended and Billing Judgment**

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[15] Only work of a legal nature is compensable.[16]

Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery.[17] Thus, when the motion for attorneys' fees is in connection with a Rule 37(a) motion to compel, the reasonable hours recoverable under Rule 37 are limited to only those

[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).
[13] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F. Supp. 2d 279, 284–85 (E.D. La. 2008).
[14] *Kellstrom*, 50 F.3d at 328; *Powell v. Comm'r of Internal Revenue*, 891 F.2d 1167, 1173 (5th Cir. 1990); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).
[15] *Creecy,* 548 F. Supp. 2d at 286; *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *Hensley*, 461 U.S. at 433, 437 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).
[16] *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).
[17] *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *see also Am. Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175–76 (D. Mass. 1985) (stating that Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute).

hours "directly connected to the motion to compel."[18]

The use of "block billing" makes "it impossible for the court to determine the reasonableness of the hours spent on each task," justifying a percentage reduction of the claimed award.[19] The court must also exclude excessive, duplicative, or inadequately documented time.[20] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[21]

The party seeking fees must also demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[22] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[23] The burden is on the party seeking the fee award to prove that they exercised billing judgment.[24] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[25] As an alternative to a percentage reduction, the court may exclude hours that were not reasonably

[18] *Leblanc v. Fed Ex Ground Package Sys., Inc.*, No. 19-13274, 2021 WL 5994966, at *3 (E.D. La. Apr. 12, 2021) (awarding costs for time spent in preparing and filing motion as well as required Rule 37 conference); *see also Stagner v. W. Ky. Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

[19] *Source Prod. & Equip. Co., v. Schehr*, No. 16-17528, 2020 WL 6075895, at *6 (E.D. La. Oct. 15, 2020) (quoting *Rodney v. Elliot Sec. Sols., LLC*, No. 19-11890, 2020 WL 4756490, at *8 (E.D. La. July 30, 2020)).

[20] *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379–80 (5th Cir. 2010); *see also Hensley,* 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

[21] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation modified); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 703 (E.D. La. 2009) (reducing award for time spent on unsuccessful motion for summary judgment and motion to compel discovery); *Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson,* 99 F.3d 757, 760 (5th Cir. 1996).

[22] *Walker*, 99 F.3d at 770.

[23] *Alberti v. Klevenhagen*, 896 F.2d 927, 930, *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[24] *Walker*, 99 F.3d at 770.

[25] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) (citation modified) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is a reduction of the award by a percentage intended to substitute for the exercise of billing judgment."); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (citation modified) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment.").

expended and/or conduct a line-by-line analysis of billings.[26] "The district court is not required to achieve auditing perfection, as the essential goal in shifting fees (to either party) is to do rough justice."[27] The court need not explicitly calculate the lodestar to make a reasonable award.[28]

In this case, none of the entries on the July 31, 2026 invoice are directly connected to the Motion to Compel. ECF No. 54-3, at 1–12. They merely reflect the underlying discovery dispute that regularly occurs in the course of litigation. On the August 31, 2026 invoice, only entries on August 4, 10–11, 14, 18, 27, and 31, 2026 appear to relate to drafting the Motion to Compel and participating in the Rule 37 Conference. *Id.* at 15, 18–20, 23, 25, 29–31. Even those hours, however, must be narrowed.

Time spent preparing for the discovery conference and correspondence setting same are not recoverable.[29] Similarly, time spent on administrative tasks is not recoverable.[30] Entries that are block-billed must also be omitted.[31] As one example, Dobard spent .4 hours on "[s]trategy discussion re deficient discovery, drafting Motion to Compel, expert reports, IME dates and need to review file and identify witnesses to interview and depose." *Id.* at 15. While drafting the Motion to Compel would be recoverable, it cannot be divorced from the other billed activities and must be rejected as a whole. A total of 5.2 hours are block-billed, but contain work completed in direct connection to the Motion to Compel. After performing a careful review, 3.5 hours of this block-billed work at Dobard's hourly rate of $275, for a total of $962.50 appears appropriate for the motion-related work.

---

[26] *See Fleming v. Elliot Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661–62 (5th Cir. 2002), *overruled on other grounds*, *Loeb-Defever v. Mako, L.L.C.*, No. 24-20410, 2026 WL 48389 (2026).
[27] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (citation modified).
[28] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (5th Cir. 2001).
[29] *See, e.g.*, ECF No. 54-3, at 21–23.
[30] *See, e.g.*, *id.* at 25.
[31] *See, e.g.*, *id.* at 15, 19, 23, 25, 31.

After eliminating the problematic entries, the following entries are potentially recoverable:[32]

| Date | Attorney | Entry | Time Spent |
|---|---|---|---|
| 8/10/26 | ABG | Reviewing and analyzing arguments for Motion to Compel against claimant for failing to update responses to INT and RFPD | .2 |
| 8/11/26 | RFA | Reviewing draft Motion to Compel more complete discovery responses against plaintiff, Jones | .7 |
| 8/11/26 | KBD | Revising background section of Memorandum in Support of Motion to Compel | .7 |
| 8/11/26 | KBD | Drafting general deficiencies section of Memorandum in Support of Motion to Compel | .6 |
| 8/11/26 | KBD | Drafting boilerplate objections section of Memorandum in Support of Motion to Compel | .4 |
| 8/11/26 | KBD | Drafting Plaintiff's Answers to Interrogatories are Unverified section of Memorandum in Support of Motion to Compel | .2 |
| 8/11/26 | KBD | Drafting deficient interrogatory responses section of Memorandum in Support of Motion to Compel | 1.2 |
| 8/11/26 | KBD | Drafting Evasive and Incomplete RFPD responses section of Memorandum in Support of Motion to Compel | 1.4 |
| 8/11/26 | KBD | Drafting Request for Sanctions and Conclusion sections of Memorandum in Support of Motion to Compel | .6 |
| 8/18/26 | KBD | Final review of Motion to Compel | .4 |
| 8/27/26 | ABG | Initial review of claimant's Opposition Memorandum to Motion to Compel discovery responses | .2 |
| 8/27/26 | KBD | Reviewing and analyzing plaintiff's response to REC Marine's Motion to Compel | .7 |

Multiplying the number of hours at the respective billable rates, REC Marine would be entitled to $2,046 in attorneys' fees as shown below:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KBD | 6.2 | $275 | $1,705 |
| ABG | .4 | $310 | $124 |
| RFA | .7 | $310 | $217 |

---

[32] *Id.* at 18–20, 25, 29–30.

However, REC Marine has not demonstrated the exercise of billing judgment. It does not identify any hours that were written off as unproductive, excessive, or redundant. For instance, both attorneys Greenbaum and Asprodites appear to have reviewed Dodard's drafts. It is duplicative and unnecessary for two attorneys to review another's routine motion to compel. Accordingly, I will reduce the award of fees to omit the work completed by Asprodites (who is not enrolled as counsel of record in this case) to reflect the exercise of billing judgment. That leaves the recoverable amount of $1,705 for Dobard and $124 for Greenbaum, for a total of $1,829.

Paralegal Cynthia Dugas billed .7 hours for "analyz[ing], extract[ing] and prepar[ing] relevant file documents to be used as exhibits in [the] Motion to Compel." *Id.* at 25. However, to recover for paralegal or law clerk fees, the services rendered must be legal in nature, or work traditionally performed by an attorney.[33] Such work is distinguished from activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[34] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[35] Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[36] Because Dugas' work is classified as administrative, it is not recoverable.

---

[33] *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir. 1980); *Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (same). Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Jenkins*, 491 U.S. at 288 n.10; *see also Warder,* 2016 WL 3447950 at *4 (citation modified) (recognizing that "work traditionally performed by an attorney includes digesting depositions, collating, marking and indexing exhibits, and preparing and arranging for service of subpoenas")).

[34] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. Apr. 4, 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009).

[35] *Hagan v. MRS Assoc., Inc.,* No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (reducing hours billed for time attorney sent faxing documents).

[36] *Kuperman*, 2009 WL 10737138, at *9.

**C. <u>Adjusting the Lodestar</u>**

The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant REC Marine Logistics, LLC's Motion for Attorneys' Fees and Costs Pursuant to FED. R. CIV. P. 37(a)(5) (ECF No. 54) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendant REC Marine Logistics, LLC is awarded reasonable attorneys' fees and expenses in the amount of $2,791.50.

IT IS FURTHER ORDERED that Plaintiff Robert N. Jones satisfy this obligation to REC Marine Logistics, LLC no later than twenty-one days from the issuance of this Order and Reasons.

New Orleans, Louisiana, this 25th day of November, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE